## GORENFLO CO. v. McCULLOUGH.

ATTACHMENT—COMPLIANCE WITH BULK SALES ACT NO EVIDENCE OF INTENT TO DEFRAUD CREDITORS.

Compliance by owner of jewelry store, who desired to sell same, with provisions of bulk sales act by furnishing intending purchaser with a list of names and addresses of creditors and notifying such creditors of intended sale and the terms thereof *held,* not evidence of intent to defeat or defraud creditors of the seller entitling a creditor to attachment (2 Comp. Laws 1929, § 9545).

Appeal from Wayne; Miller (Guy A.), J. Submitted October 20, 1937. (Docket No. 143, Calendar No. 39,532.) Decided November 10, 1937.

Action with accompanying writ of attachment by Gorenflo Company, a Michigan corporation, against Janet L. McCullough, doing business as McCullough's Jewelry Shop. On petition of defendant to dissolve attachment. Order dismissing attachment. Plaintiff appeals. Affirmed.

*Donald I. Albaugh (George Kayes,* of counsel), for plaintiff.

*Lewis Daniels,* for defendant.

WIEST, J. Defendant owned and operated a jewelry store and wanted to sell, found a purchaser and, in compliance with the bulk sales law (2 Comp. Laws 1929, § 9545), furnished the intending purchaser with a list of names and addresses of her creditors of which plaintiff was one.

Notice was given plaintiff on January 8, 1937, of the intended sale and terms thereof as provided in the mentioned law. On January 15, 1937, plaintiff sued out a writ of attachment on the ground that—

"Janet L. McCullough doing business as McCullough's Jewelry Shop has assigned, disposed of or concealed, or is about to assign, dispose of or conceal any of her property with the intent to defraud her creditors."

Seizure of the merchandise was made under the writ, and defendant moved to have the attachment dissolved. The court dissolved the attachment and plaintiff prosecutes review.

Compliance with the provisions of the bulk sales statute furnishes no evidence of intent to defeat or defraud creditors of the seller.

Affirmed, with costs to defendant.

Fead, C. J., and North, Butzel, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.